# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOGERT ABRANTES,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN BLINDS AND DRAPERIES, INC., et al.<br><br>        Defendants. | Case No. 1:17-cv-00152-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFF AND DEFENDANT PAUL RUSSO TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE JOINT SCHEDULING REPORT<br><br>DEADLINE: OCTOBER 4, 2017<br><br>ORDER CONTINUING SCHEDULING CONFERENCE TO OCTOBER 23, 2017, AT 3:00 P.M. |

Plaintiff Jogert Abrantes filed this action on February 3, 2017, alleging violations of the Telephone Consumer Protection Act. (ECF No. 1.) On this same date, initial case documents issued setting the mandatory scheduling conference in this action for April 25, 2017. (ECF No. 3.) The order informed Plaintiff that he was to promptly serve the defendant and file a proof of such service with the court. (Id. at 2.)

On April 18, 2017, Plaintiff filed a notice informing the Court that Defendant American Blinds and Draperies, Inc., who was the only defendant in the action at that time, had been personally served on March 27, 2017, but had not yet filed an answer, and Plaintiff requested a continuance of the scheduling conference. (ECF No. 5.) The scheduling conference was

1

continued to June 27, 2017. (ECF No. 6.) On June 1, 2017, Plaintiff returned the executed summons for Defendant American Blinds and Draperies, Inc. (ECF No. 7.)

On June 5, 2017, an order issued requiring Plaintiff to inform the court of the status of this action as Defendant American Blinds had not yet filed an answer even though the time to do so had passed, the parties had not filed a stipulation to extend the time to respond, nor had Plaintiff filed a motion for entry of default. (ECF No. 8.) Plaintiff did not respond to the June 5, 2017 order; and on June 13, 2017, an order issued requiring Plaintiff to show cause why this action should not be dismissed for failure to comply with the court order. (ECF No. 9.)

On June 13, 2017, Plaintiff filed an amended complaint and a response to the order to show cause stating that the name of the CEO of American Blinds had been discovered and the complaint was being amended to add him as a defendant in this action. (ECF Nos. 10, 11.) On June 14, 2017 an order issued discharging the order to show cause and the scheduling conference was continued to August 31, 2017. (ECF No. 13.) The parties were ordered to file a joint scheduling report seven days prior to the scheduling conference date. (Id.)

On August 24, 2017, an order issued requiring Plaintiff to file a notice of status of service. (ECF No. 14.) Plaintiff filed a proof of service indicating that Paul Russo was personally served on June 22, 2017. (ECF No. 15.) On August 25, 2017, the Court issued an order continuing the scheduling conference to October 2, 2017, at 3:30 p.m., and noted that no answer has been filed, and Plaintiff has not moved for default, moved to continue the mandatory scheduling conference, or filed a joint report in compliance with the June 14, 2017 order. (ECF No. 17.) The August 25, 2017 order stated:

> It is Plaintiff's responsibility to move this action toward resolution and compliance with the orders of this Court is required. The failure to do so will result in the issuance of sanctions up to and including dismissal of this action. In this instance, the Court shall continue the scheduling conference in this matter to October 2, 2017. Prior to the October 2, 2017 scheduling conference, if no answer in this action has been filed, Plaintiff shall either file a motion for entry of default or a motion to continue the mandatory scheduling conference showing good cause for the request. If an answer is filed, the parties shall file a joint scheduling statement seven days prior to the scheduled date. Failure to comply with this order will result in the recommendation that this action be dismissed for failure to prosecute and failure to obey a court order.

(ECF No. 17.)

On August 25, 2017, prior to the Court's order continuing the scheduling conference being docketed, Plaintiff filed a motion to continue the status conference to allow him to serve the first amended complaint on Defendant American Blinds and Draperies, Inc. (ECF No. 16.) Subsequently, the Court denied Plaintiff's motion to continue the scheduling conference as moot and directed Plaintiff to Rule 5(a)(2) of the Federal Rules of Civil Procedure regarding service of the amended complaint. (ECF No. 18.)

On September 1, 2017, Defendant Paul Russo, appearing pro se, filed an answer. (ECF No. 19.)

The August 25, 2017 order set the mandatory scheduling conference for October 2, 2017, with the joint statement due seven days prior. Plaintiff has not filed a request for default for Defendant American Blinds and Draperies, Inc. or otherwise indicated the status of this action against Defendant American Blinds and Draperies, Inc. Plaintiff and Defendant Paul Russo have not filed a joint scheduling report, a motion or stipulation to continue the scheduling conference, or otherwise responded to the Court's August 25, 2017 order continuing the scheduling conference.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff and Defendant Paul Russo shall show cause in writing on or before **October 4, 2017,** why sanctions should not issue for the failure to file a joint scheduling report;

2. The scheduling conference is CONTINUED from October 2, 2017, to **October 23, 2017, at 3:00 p.m.** in Courtroom 9;

3. The parties shall file a joint scheduling report **seven (7) days prior to the**

3

        **scheduling conference date**; and

    4.     **The parties are forewarned that the failure to comply with this order may result in the imposition of sanctions, which may include the dismissal of this action or entry of default.**

IT IS SO ORDERED.

Dated:   **September 27, 2017**                                
                                                    UNITED STATES MAGISTRATE JUDGE