# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOGERT ABRANTES, individually and on behalf of all other similarly situated,**<br><br>Plaintiff<br><br>v.<br><br>**AMERICAN BLINDS AND DRAPERIS, INC., PAUL RUSSO, and DOES 1-10 inclusive,**<br><br>**Defendants** | CASE NO. 1:17-CV-0152 AWI SAB<br><br>**ORDER VACATING MAY 7, 2018 HEARING DATE AND DISMISSING MATTER**<br><br>(Doc. No. 28) |

On February 3, 2017, Plaintiff filed suit against Defendants and alleged violations of the Telephone Consumer Protection Act (47 U.S.C. § 227).

Defendant Paul Russo ("Russo") was added as a defendant in the First Amended Complaint on June 13, 2017. Russo filed an answer on September 1, 2017. See Doc. No. 19.

On November 14, 2017, Defendant American Blinds and Draperies, Inc. was voluntarily dismissed under Rule 41(a)(1). See Doc. No. 23.

On March 22, 2018, Plaintiff filed a motion to dismiss this case under Rule 41(a)(2). See Doc. No. 28. As part of his motion, Plaintiff explains that Russo has not responded in any way to discovery requests, scheduling efforts, or invitations to attempt to resolve the matter. See id. Because American Blinds dissolved, Plaintiff believes that it is in the interests of judicial economy to dismiss the complaint without prejudice. See id. Hearing on this motion is set for May 7, 2018.

*Discussion*

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has

not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be effected through Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999); Mayes v. Fujimoto, 181 F.R.D. 453, 455 (D. Haw. 1998). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, based on Plaintiff's representations, the corporate defendant has dissolved and Russo has not participated in the suit or communicated with Plaintiff or the Court, beyond filing an answer. Indeed, Russo's answer indicates that he strongly denies the allegations in the complaint and views this lawsuit as a scam. Russo has filed no counterclaims, and the Court detects no prejudice that would result from the dismissal of this lawsuit. Because there is no prejudice to Russo that is apparent, the Court finds that a hearing on Plaintiff's motion is unnecessary and that that Plaintiff's motion to dismiss without prejudice should be granted. See Fed. R. Civ. P. 41(a)(2); Smith, 263 F.3d at 975; Local Rule 270.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The May 7, 2018 hearing is VACATED;
2. Plaintiff's Rule 41(a)(2) motion to dismiss without prejudice is GRANTED; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 12, 2018

_____
SENIOR DISTRICT JUDGE